UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KTF ENTERPRISES, INC. and KIRKER ENTERPRISES, INC.,<br><br>Defendants. | Civil Action No. 19-CV-06611<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and under Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to qualified individuals with disabilities who were affected by such practices ("Aggrieved Individuals"). As alleged with greater particularity below, Plaintiff, the United States Equal Employment Opportunity Commission, alleges that Defendants KTF Enterprises, Inc. ("KTF") and Kirker Enterprises, Inc. ("Kirker") violated the ADA when they: (1) failed to provide reasonable accommodations to Aggrieved Individuals in the workplace, and (2) discharged Aggrieved Individuals because of their disabilities and/or because of the need to provide accommodations for such disabilities.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 102(b)(5)(A) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(b)(5)(A) which

1

incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a) which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant KTF has continuously been a corporation organized under the laws of the State of Delaware, doing business in the State of New York and the County of Orange, and has continuously employed at least fifteen (15) employees.

5. At all relevant times, KTF has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7) which incorporates by reference Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, KTF has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant Kirker has continuously been a corporation organized under the laws of the State of Delaware, doing business in the State of New York and the County of Orange, and has continuously employed at least fifteen (15) employees.

8. At all relevant times, Kirker has continuously been an employer engaged in an

2

industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7) which incorporates by reference Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

9. At all relevant times, Kirker has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. At all relevant times, Defendants have functioned as an integrated enterprise and/or as joint employers of the Aggrieved Individuals, with interrelated operations, centralized control over labor relations, common management, common ownership or financial control, and/or joint handling of the employee-employer relationship. For example:

   a. KTF and Kirker are ultimately owned and/or controlled (directly or indirectly) by the same persons.

   b. Kirker operates and manages KTF.

   c. At relevant times, the executive officers of Kirker, including Chief Executive Officer Jeffrey Hersh and Controller Sharon Muzeni, have been responsible for directly managing KTF and exercising direct control over its labor relations.

   d. Kirker employs the individuals who supervise personnel and operations at KTF, including at relevant times Chief Executive Officer Jeffrey Hersh and Controller Sharon Muzeni.

   e. Kirker promulgates personnel policies for KTF, including the KTF Employee Handbook, which at relevant times has included a welcome letter to new employees from Chief Executive Officer Jeffrey Hersh.

   f. The KTF Employee Handbook, which was endorsed and issued by Chief

        Executive Officer Jeffrey Hersh, governs employees' employment with KTF, including compensation and benefits and the circumstances under which an employee may take leave because of a medical condition.

    g. Kirker personnel exercise broad authority over KTF, including the authority to hire and fire employees.

    h. Kirker personnel implement corporate policies at KTF and oversee compliance with state and federal laws on behalf of KTF.

## ADMINISTRATIVE PREREQUISITES

11. More than thirty (30) days prior to the institution of this lawsuit, a charge of discrimination (EEOC Charge No. 520-2017-00442) was filed with the EEOC, alleging violations of the ADA by Defendant KTF Enterprises, Inc.

12. The EEOC investigated the charge.

13. On March 11, 2019, the EEOC issued a Letter of Determination to Defendants KTF and Kirker, finding reasonable cause to believe that Defendants violated the ADA.

14. The EEOC invited Defendants to join with the EEOC in informal methods of conciliation to endeavor to eliminate their unlawful practices and provide appropriate relief.

15. The EEOC engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

16. The EEOC was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

17. On May 22, 2019, the EEOC issued to Defendants a Notice of Failure of Conciliation.

18. All conditions precedent to the institution of this suit have been fulfilled.

**STATEMENT OF CLAIMS**

19. At all relevant times, including since at least June 2015, Defendants operated a factory that bottles nail polish, located in Newburgh, New York at which the Aggrieved Individuals worked.

20. The Aggrieved Individuals were employees of Defendant KTF who had impairments that substantially limited one or more of their major life activities. Accordingly, they are individuals with disabilities within the meaning of the ADA. For example:

   a. Amigon and Hernandez are two of the Aggrieved Individuals discriminated against by the Defendants.

   b. Javier Amigon's left leg is amputated just below the knee and his right foot is partially amputated, which substantially limited him in various major life activities, including standing and walking.

   c. Concepción Hernandez developed growths in her left foot (fibromas), which substantially limited her in the major life activities of standing and walking.

21. Since at least January 2016, Defendants have engaged in unlawful employment practices in violation of Section 102(a) and (b)(5)(A) of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A), by denying Aggrieved Individuals reasonable accommodations to their disabilities. For example:

   a. Amigon, who worked as a topper and spent the majority of his time placing caps on the nail polish bottles on the factory line, requested that he be permitted to sit on a stool while performing his work. With this accommodation, Amigon would have been able to perform the essential functions of his job. Defendants denied Amigon's request.

    b. Hernandez, who worked as a topper and assembled boxes, initially requested three or four weeks of leave so as to have surgery to remove the fibromas from her foot. Defendants approved this request. Prior to the expiration of the approved leave, however, Hernandez requested one additional week of leave in order to recover from the surgery. With this accommodation, Hernandez would have been able to return to work and perform the essential functions of her job. Defendants denied Hernandez' request.

22. Since at least January 2016, Defendants have engaged in unlawful employment practices in violation of Section 102(a) and (b)(5)(B) of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(B), by discharging Aggrieved Individuals because of their disabilities and/or because of the need to make reasonable accommodations to their disabilities. For example:

    a. After Amigon's request for a stool was denied, Defendants involuntarily placed him on leave and thereafter discharged him on or around July 11, 2016. Defendants did so in lieu of providing Amigon reasonable accommodations that would have enabled him to perform the essential functions of his job.

    b. Rather than provide Hernandez with one additional week of leave, Defendants terminated her employment.

23. The unlawful employment practices complained of above were intentional.

24. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

## **PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with Defendants, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendants to make reasonable accommodations to the Aggrieved Individuals;

C. Order Defendants to make the Aggrieved Individuals whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendants to make the Aggrieved Individuals whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E. Order Defendants to make the Aggrieved Individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F. Order Defendants to pay the Aggrieved Individuals punitive damages to for its malicious and reckless conduct described above, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the EEOC its costs in this action.

## **JURY TRIAL DEMAND**

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Date: July 16, 2019                                                                               Respectfully Submitted,
New York, New York

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

/s/ Kirsten Peters
KIRSTEN PETERS
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, Fl. 5
New York, NY 10004
(212) 336-3671
kirsten.peters@eeoc.gov