UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KTF ENTERPRISES, INC. and KIRKER ENTERPRISES, INC.,<br><br>Defendants. | Civil Action No. 19-CV-06611-NSR |

JAVIER AMIGON,

Plaintiff-Intervenor,

v.

KTF ENTERPRISES, INC. and KIRKER ENTERPRISES, INC.,

Defendants.

## CONSENT DECREE

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that KTF Enterprises, Inc. and Kirker Enterprises, Inc. ("Defendants") violated Title I of the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12111-12117, when they failed to provide reasonable accommodations to employees with disabilities ("Aggrieved Individuals"), and when they discharged the Aggrieved Individuals because of their disabilities and/or because of the need to provide accommodations for such

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/13/2020

1

disabilities.

Plaintiff-Intervenor, Javier Amigon, intervened in this action. In addition, Amigon v. KTF Enterprises, Inc. and Kirker Enterprises, Inc. (Civil Action No. 19-CV-08108) has been consolidated with this action (Civil Action No. 19-CV-06611). In Amigon's Complaint, he also alleged that Defendants discriminated against him because of his disability, in violation of New York State Human Rights Law, N.Y. Exec. Law §290 *et seq.* ("NYSHRL").

Although Defendants deny the allegations, the EEOC, Amigon, and Defendants (jointly "the Parties") have agreed that this action — which includes the claims from Amigon v. KTF Enterprises, Inc., et. al., (19-CV-08108), that have now been consolidated into the instant case — should be resolved by entry of this Consent Decree, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding on the Parties, including Defendants' successors, assigns, subsidiaries, and any other entity with which Defendants may merge or consolidate. The Parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## GENERAL PROVISIONS

1. This Decree is final and binding on the Parties and resolves all claims asserted by the Complaint in this action and the underlying Charge No. 520-2017-00442. This Decree does not resolve any other charge of discrimination pending before the EEOC, or any charge that may be filed in the future.

2. The Parties agree and the Court finds that this Court has jurisdiction of the subject

matter of this action and of the Parties, that venue is proper, and that all administrative prerequisites have been met.

3. By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all Parties to this Decree, and approved or ordered by the Court, except that Plaintiff-Intervenor's consent is not required for proposed amendment to any paragraphs other than Paragraphs 19-23.

4. Whenever Defendants are required to send documents, reports, forms, or other materials to the EEOC pursuant to this Decree, Defendants shall send such matters by electronic mail to Kirsten Peters at kirsten.peters@eeoc.gov and "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

## INJUNCTIVE RELIEF

5. Defendants are enjoined from: (1) failing to make reasonable accommodations to employees' disabilities, and (2) discharging employees because of disability or because of a request for reasonable accommodation of a disability.

6. Defendants are enjoined from engaging in retaliation of any kind against any person because such person has opposed any practice prohibited by the ADA, filed a charge of discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under the ADA or this Decree, or because such person was identified as a possible witness in connection with this matter.

## ADOPTION, POSTING, AND DISTRIBUTION OF POLICY PROHIBITING EMPLOYMENT DISCRIMINATION

7. Upon entry of this Decree, Defendants will adopt or affirm an antidiscrimination

policy that prohibits discrimination on the basis of disability, outlines a procedure for making complaints or reports of discrimination, and identifies the individuals with whom complaints or reports should be filed (the "Antidiscrimination Policy," attached as Exhibit A). The Policy shall, at a minimum, expressly prohibit all forms of discrimination and retaliation prohibited by the ADA, inform employees that they may request reasonable accommodations, state expressly that such prohibition applies to employees and applicants for employment, and inform employees that they are entitled to make complaints or reports of unlawful employment discrimination to Defendants and to the EEOC. Nothing in this Paragraph represents an endorsement by the EEOC or by the Court that Defendant has been or is in compliance with federal anti-discrimination laws.

8. Defendants shall distribute a copy of the Antidiscrimination Policy to all current employees within five (5) days of the entry of this Decree, and thereafter shall provide a copy of the Antidiscrimination Policy to all employees hired after the entry of this Decree within five (5) days of the start of their employment. The policy will also be made available to all employees on Defendants' company intranet. Defendant will redistribute the Policy to all employees annually on the anniversary date of the entry of this Decree.

9. Within five (5) days of the entry of this Decree, Defendants will post a copy of the Antidiscrimination Policy in locations visually accessible to and commonly frequented by its employees and in locations typically used by Defendants for posting notices directed to employees or job applicants.

10. Within five (5) days of the entry of this Decree, Defendants will conspicuously display and maintain EEO posters in a location visually accessible to and commonly frequented by Defendants' employees and in locations typically used by Defendants for posting notices

directed to employees or job applicants.

11.     Within five (5) days of the entry of this Decree, Defendants will post the "Notice of Lawsuit and Settlement," attached as Exhibit B, in locations visually accessible to and commonly frequented by Defendants' employees and in locations typically used by Defendants for posting notices directed to employees or job applicants.

## RECORDKEEPING AND REPORTING

12.     During the Term of this Decree (see Paragraph 24, below), Defendants shall maintain and make available for inspection and copying by the EEOC written records of every request for a reasonable accommodation of a disability and complaint or report (oral or written, formal or informal, internal or external) made by any employee of employment discrimination or retaliation prohibited by the Antidiscrimination Policy or Paragraphs 5-6 of this Decree. For each such request, complaint, or report, such records shall include: (a) the name of the employee and that employee's address and telephone number; (b) the date of the request, complaint, or report; (c) a written description the request, complaint, or report, and a copy of any supporting documentation that was provided; (d) a written description of the outcome of the request, complaint, or report, including a description of what actions were taken or accommodations granted, if any, by Defendants; and (e) if the request, complaint, or report was made in written form, a copy thereof.

13.     Defendants shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree. Defendants shall permit a representative of the EEOC to enter Defendants' premises on two days' notice, during normal business hours, for purposes of inspecting any relevant documents or records or otherwise verifying compliance with this

Decree; provided, however, that the EEOC may enter Defendants' offices without advance notice, during normal business hours, for the purpose of verifying compliance with the notice posting requirements of Paragraphs 9-11.

14. Defendants shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the Term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

(a) Copies of all records described in Paragraph 12, above, for the six (6) month period preceding the Semi-Annual Report or a certification by Defendants that no complaints or reports of discrimination were received during that period; and

(b) A certification by Defendants that the Notice required to be posted pursuant to Paragraph 11 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

## TRAINING

15. Within ninety (90) days of the entry of this Decree, and annually thereafter, Defendants will provide all supervisory and management employees and other employees involved in Human Resources no fewer than two (2) hours of live in-person training on federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting discrimination based on disability, including reasonable accommodations, as well as training on Defendants' EEO policies, complaint procedure, and such trainees' responsibilities thereunder. Newly hired or promoted supervisory and management employees will be given the training

within thirty (30) days after starting in the position.

16. Within ninety (90) days of the entry of this Decree, and annually thereafter, Defendants will provide all of its non-management employees no fewer than one (1) hour of live in-person training on federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting discrimination on the basis of disability, including reasonable accommodations, and retaliation, as well as training on Defendants' EEO policies and the procedure for making complaints. A senior member of management will be present to introduce the trainer and state management's commitment to the goals of the training. Newly hired employees will be given the training within sixty (60) days after starting in the position. All training for non-management employees will be provided in English unless upon Defendant's inquiry in advance of training, an employee informs the Defendant that s/he is unable to understand or comprehend the training in English. In such cases, the Defendant will either provide an interpreter for the employee or provide training in the language requested by the employee.

17. Defendants shall obtain the EEOC's approval of their proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraphs 15 and 16, above. Defendants shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least thirty (30) days prior to the proposed date of the first training session, and if the content changes, at least thirty (30) days prior to the proposed date of the next training with the changed content. The EEOC shall have ten (10) days from the date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present. In the

event the EEOC does not approve Defendants' proposed trainer and/or content, Defendants shall have five (5) days to identify an alternate trainer and/or revise the content its trainer proposes to present. The EEOC shall then have five (5) days from the date it receives the information described above to accept or reject the alternate trainer and/or content. If the Parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance.

18.   Defendants will maintain attendance records identifying in legible form the names and job titles of the attendees at each session and also containing the signature of each attendee, as well as copies of all training materials presented. Within fifteen (15) days of each training session, Defendants will provide the EEOC a copy of the attendance records and all materials used during the training session, as well as the names and titles of any employees who have not yet received the annual training.

## MONETARY RELIEF

19.   Defendants shall make payments totaling $175,000 ("Payments"), to Amigon and the other individuals identified by the EEOC as Aggrieved Individuals in this litigation, as set forth below.

20.   Within five (5) business days after the entry of this Decree, Defendants shall issue and mail, by Certified Mail, checks in the following amounts:

   a. To Amigon: $112,500 in compensatory damages;

   b. To the Worker Justice Center of New York, Amigon's counsel: $12,500 in attorney's fees;

   c. To Hernandez, $12,500 in lost wages and $12,500 in compensatory damages; and

   d. To Sanchez: $12,500 in lost wages and $12,500 in compensatory damages.

21. Amigon's check will be mailed to Amigon's counsel at the following address: Attn: John Marsella, Worker Justice Center of New York, 1187 Culver Road, Rochester, New York 14609.

22. Defendants will make all required withholdings from the portions of the Payments representing lost wages for applicable federal, state, and local income taxes and the employee share of federal payroll taxes, but will not make any withholdings or deductions from the portions of the Payments representing compensatory damages. Defendants will be responsible for (and may not deduct) any tax obligation Defendants incurs as a result of these payments, including the employer's share of payroll taxes. Defendants shall contemporaneously send copies of each check to the EEOC. Defendants will issue an IRS Form W-2 for each Payment representing lost wages and an IRS Form 1099 for each Payment representing compensatory damages.

23. If any portion of a Payment due to an Aggrieved Individual under this Decree is not made in full and mailed within ten (10) business days of the entry of this Decree, then for each day beyond the tenth business day that such portion ("Unpaid Amount") remains unpaid, Defendant shall pay the Aggrieved Individual, in the manner set forth above, an amount equal to the greater of $25.00 or 0.1% of the Unpaid Amount.

## TERM OF DECREE AND DISPUTE RESOLUTION

24. This Decree will remain in effect for three (3) years from the date of entry ("Term"), provided, however, that if, at the end of the Term of the Decree, any disputes about compliance with the Decree remain unresolved (see Paragraph 25, below), the Term of the Decree shall be automatically extended until such time as all such disputes have been resolved. This case may be administratively closed but will not be dismissed. The Decree will expire by

its own terms at the end of the Term, without further action by the Parties or the Court, unless the duration of this Decree has been extended automatically pursuant to this Paragraph or by other order of the Court.

25. If during the Term of this Decree the EEOC believes that Defendants have failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendants of the alleged non-compliance and shall afford Defendants ten (10) business days to remedy the non-compliance or satisfy the EEOC that Defendants have complied. If Defendants have not remedied the alleged non-compliance or satisfied the EEOC that it has complied within ten (10) days, either party may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

26. No party will contest the validity of this Consent Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the Term of this Decree. Subject to the requirements of Paragraph 25, a breach of any provision of this Decree by Defendants shall be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action.

## MISCELLANEOUS PROVISIONS

27. Each party shall bear its own expenses, attorneys' fees, and costs, except as otherwise provided by this Decree.

28. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Defendants. At least twenty-one (21) days prior to any sale or other transfer of either Defendant's business or sale or other transfer of all or a substantial portion of either Defendant's assets, Defendants shall provide a

copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

29. When this Decree requires a certification by Defendants of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendants.

30. Amigon represents and warrants that this Decree has been fully read to and/or translated for him in a language that he fully comprehends.

31. This Decree may be executed by each Party in separate counterparts, each of which shall be deemed an original and the sum of which shall constitute one document. Photocopies or scans shall be as valid as originals.

APPROVED IN FORM AND CONTENT:

**FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

_____
JEFFREY BURSTEIN
Regional Attorney

JUSTIN MULAIRE
Supervisory Trial Attorney

JADHIRA RIVERA
Trial Attorney

KIRSTEN PETERS
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, Fl. 5
New York, NY 10004
Tel: (929) 506-5325
Fax: (212) 336-3623
Email: kirsten.peters@eeoc.gov

FOR PLAINTIFF-INTERVENOR, JAVIER AMIGON,

*JAVIER AMIGON*
Javier Amigon

FOR DEFENDANTS KTF ENTERPRISES, INC. and KIRKER ENTERPRISES, INC.,

*Edward Moore*
KTF Enterprises, Inc. and Kirker Enterprises, Inc.
Edward W. Moore, ~~Senior Vice President, General Counsel and Chief Compliance Officer~~ Secretary *EWM*

SO ORDERED, ADJUDGED AND DECREED this ___ day of March ___, 2020.

White Plains, NY

_____
Nelson S. Roman
United States District Judge

(*) Within seven (7) days of the expiration of the Term of this Consent Decree, as defined by paragraph 24 herein, Plaintiff shall file with the Court a proposed order terminating this action and the provisions of the Consent Decree.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 42 and to close the action.

12

SO ORDERED:
Dated: March 13, 2020
White Plains, NY

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

# Exhibit A

# KIRKER'S COMMITMENT TO DIVERSITY

## Equal Employment Opportunity

Kirker is an equal opportunity employer. In accordance with applicable law, we prohibit discrimination against any applicant or employee based on any legally-recognized basis, including, but not limited to: race, color, religion, sex (including pregnancy, lactation, childbirth or related medical conditions), sexual orientation, gender identity, age (40 and over), national origin or ancestry, citizenship status, physical or mental disability, genetic information (including testing and characteristics), veteran status, uniformed servicemember status or any other status protected by federal, state or local law. Our commitment to equal opportunity employment applies to all persons involved in our operations and prohibits unlawful discrimination by any employee, including supervisors and co-workers.

We also comply with New Jersey law, which prohibits discrimination and harassment against any employees or applicants for employment based on race (including traits historically associated with race, such as hair texture, hair type and protective hairstyles), creed, color, national origin, ancestry, age, sex, pregnancy or breastfeeding (including childbirth, breastfeeding or expressing milk for breastfeeding or medical conditions related to pregnancy, childbirth or breastfeeding), marital status, civil union or domestic partnership status, affectional or sexual orientation, gender identity or expression, atypical hereditary cellular or blood trait, genetic information, disability (including AIDS and HIV-related illnesses), liability for service in the U.S. Armed Forces and use or non-use of tobacco products outside the workplace. Additionally, the Company prohibits retaliation against any employee who requests from, discusses with or discloses to a current or former employee, a lawyer from whom the employee seeks legal advice or a government agency information regarding the job title, occupational category, rate of compensation (including benefits), gender, race, ethnicity, military status, or national origin of the employee or any other employee. Employees are not required to disclose their wage information.

Discrimination and harassment is prohibited on the basis of all of the categories described above, which are referred to as "protected categories."

### Complaint Procedure

Any employee who believes that he or she has been harassed, discriminated against or subject to retaliation by a co-worker, supervisor, agent, client, vendor or customer of Kirker, in violation of the foregoing policies, or who is aware of such harassment, discrimination or retaliation against others, should immediately provide a written or verbal report to his or her supervisor, any other member of management or to Human Resources to report such incidents. Individuals can also submit a written complaint online at https://iwf.tnwgrc.com/rpminternational, but are not required to do so. Individuals may also submit a verbal complaint by using the Hotline number: 1-888-898-4088. After a report is received, a thorough and objective investigation by management will be undertaken. The investigation will be completed and a determination made and

1

communicated to the employee as soon as practical. The Company expects that all employees fully cooperate with any investigation conducted by the Company into a complaint of proscribed harassment, discrimination or retaliation, or regarding the alleged violation of any other Company policies.

If we determine that this policy has been violated, remedial action will be taken, commensurate with the severity of the offense. Appropriate action will also be taken to deter any future harassment or discrimination prohibited by this policy. If a complaint of prohibited harassment, discrimination or retaliation is substantiated, appropriate disciplinary action, up to and including termination of employment, will be taken.

The Equal Employment Opportunity Commission ("EEOC") and equivalent state agencies will accept and investigate charges of unlawful discrimination or harassment at no charge to the complaining party.

*Protection Against Retaliation*

Retaliation is prohibited against any person by another employee or by Kirker for using this complaint procedure, reporting proscribed harassment, or for filing, testifying, assisting or participating in any manner in any investigation, proceeding or hearing conducted by a governmental enforcement agency. Prohibited retaliation includes, but is not limited to, termination, demotion, suspension, failure to hire or consider for hire, failure to give equal consideration in making employment decisions, failure to make employment recommendations impartially, adversely affecting working conditions or otherwise denying any employment benefit.

An employee should report any retaliation prohibited by this policy to his or her supervisor, any management team member or to Human Resources. Employees can contact Human Resources to report such incidents. Any report of retaliatory conduct will be investigated in a thorough and objective manner. If a report of retaliation is substantiated, appropriate disciplinary action, up to and including termination of employment, will be taken.

## Disability and Accommodation

To comply with applicable laws ensuring equal employment opportunities for individuals with disabilities, Kirker will make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee, unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any employee who requires an accommodation in order to perform the essential functions of his or her job, enjoy an equal employment opportunity, and/or obtain equal job benefits should contact Human Resources to request such an accommodation. Human Resources will communicate with the employee and engage in an interactive process to determine the nature of the issue and what, if any, reasonable accommodation(s) may be appropriate.  In some cases, this interactive process may be triggered without a request from the employee, such as when the Company receives notice from its own observation or another source that a medical impairment may be impacting the employee's ability to perform his or her essential job functions.

Employees who believe they need an accommodation must specify, preferably in writing, what barriers or limitations prompted the request. The Company will evaluate information obtained from the employee, and possibly his or her health care provider or another appropriate health care provider, regarding any reported or apparent barriers or limitations, and will then work with the employee to identify possible accommodations, if any, that will help to eliminate or otherwise address the barrier(s) or limitation(s). If an identified accommodation is reasonable and will not impose an undue hardship on the Company and/or a direct threat to the health and/or safety of the individual or others, Kirker will generally make the accommodation, or it may propose another reasonable accommodation that may also be effective. Employees are required to cooperate with this process by providing all necessary documentation supporting the need for accommodation, and being willing to consider alternative accommodations when applicable.

Kirker will also consider requests for reasonable accommodations for medical conditions related to pregnancy, childbirth and lactation where supported by medical documentation and/or as required by applicable federal, state or local law.

Employees who wish to request unpaid time away from work to accommodate a disability should speak to Human Resources.

# Exhibit B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (929) 506-5270

## NOTICE OF LAWSUIT AND SETTLEMENT

This Notice is being posted as part of a Consent Decree, settling a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendants KTF Enterprises, Inc. and Kirker Enterprises, Inc., in Federal court in the Southern District of New York (Civil Action No. 19-CV-06611). In its lawsuit, the EEOC alleged that former KTF employees were unlawfully discriminated against a number of employees by refusing to accommodate their disabilities and discharging them; the allegations were not made by current or former Kirker employees.

Federal law prohibits employers from discriminating against employees and applicants based on disability, sex, national origin, religion, race, color, age, or genetic information. Federal law also prohibits employers from retaliating against individuals who complain about or oppose discrimination or participate in any way in the processing of a complaint.

Defendants and its managers and supervisors will support and comply with Federal law prohibiting discrimination against any employee or applicant for employment because of an individual's disability.

Under the Consent Decree, Defendants will:

1. Comply with Federal law and not discriminate against employees because of a disability, refuse to accommodate employees' disabilities or retaliate against any person who exercises his or her rights under Federal anti-discrimination laws;
2. Maintain and distribute written policies and procedures prohibiting discrimination and enabling employees to file complaints;
3. Provide training on Federal laws prohibiting employment discrimination to all current and future employees;
4. Permit EEOC to monitor compliance with the Consent Decree;
5. Post and distribute this Notice; and
6. Pay money damages to the individuals who alleged that they were discriminated against because of their disabilities.

Should you have a complaint of discrimination, follow KTF Enterprises' or Kirker Enterprises' policy for reporting such complaints, or you may contact the EEOC at:

U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: 1-800-669-4000
TTY (for hearing impaired): 1-800-669-6820 | ASL Video Phone (for hearing impaired): 1-844-234-5122
Website: http://www.eeoc.gov

Dated: _____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

**This notice must remain posted for three years from date shown above, and most not be altered, defaced, or covered by any other material. Any question concerning this Notice or compliance with its provision may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.**